# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

—————————

No. 00-2774

—————————

Valerie M. Whitney,

           Appellant,

   v.

Assurance Company of America,
New York, New York, a
Corporation,

           Appellee.

\* \
\* \
\* \
\* \
\*    Appeal from the United States \
\*    District Court for the \
\*    Eastern District of Missouri. \
\* \
\*    [UNPUBLISHED] \
\*

—————————

Submitted: March 15, 2001 \
Filed:  June 14, 2001

—————————

Before HANSEN and HEANEY, Circuit Judges, and BATTEY,[1] District Judge.

—————————

PER CURIAM.

On June 23, 1989, Valerie Whitney's vehicle was rear-ended by a vehicle driven by Diane Asher.  Ms. Whitney suffered numerous injuries.  Ms. Whitney filed suit against Ms. Asher and the case was settled for $25,000, the upper limit of Ms. Asher's liability policy.  On June 22, 1999, Ms. Whitney sought to recover additional

———————

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

damages from her insurance carrier, Assurance Company of America, under the underinsured motorist provision of her policy. This case went to trial, and the jury returned a verdict in favor of Assurance. Ms. Whitney appeals the district court's[2] denial of her motion for new trial, arguing that the district court erred in admitting evidence of her medical expenses.

A district court's evidentiary rulings are reviewed for an abuse of discretion. Yannacopoulos v. Gen. Dynamics Corp., 75 F.3d 1298, 1301 (8th Cir. 1996). We accord the district court substantial deference in our review of its decision to admit evidence. Sphere Drake Ins. PLC v. Trisko, 226 F.3d 951, 954 (8th Cir. 2000).

Ms. Whitney asserts that evidence regarding her medical bills should not have been admitted because she did not put her medical bills at issue in the pleadings, and therefore her medical bills were irrelevant in her damages claim for the bodily injury she sustained in the car accident. We disagree. Ms. Whitney sought $300,000 in damages for bodily injury under her underinsured motorist provision. Evidence of her medical bills, which totaled a little more than three thousand dollars, was relevant in examining the permanence and severity of her injuries. The district court's admission of the evidence did not amount to an abuse of discretion.

Consequently, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.